## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

KENNETH L. COURTNEY                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:09-CV-P36-H

CHIEF ROBERT WHITE et al.                                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff initiated this action against Chief Robert White, Louisville Metro Officer Matthew Chaudoin, and two unknown Louisville Metro police officers.[1] His complaint alleges that on December 3, 2008, he was assaulted by Defendant Chaudoin and two unknown officers in the Louisville Metro sallyport.

On July 24, 2009, this Court entered an Order (DN 16) giving Plaintiff 120 days from May 12, 2009, within which to move to amend his complaint to name specific Defendants in place of the two unknown Louisville Metro police officers. That Order put Plaintiff on notice that his failure to meet the requirements of the Federal Rules could result in the dismissal of this action as to the unknown police officers.

By subsequent Order (DN 20), the Court extended the time for service for 60 days from entry of that Order on October 6, 2009. That time period ran on Saturday, December 5, 2009.

On December 15, 2009, Plaintiff filed a motion to amend the complaint (DN 24) to name Officer Keith Heselschwerdt as a defendant because information now reveals that Officer Heselschwerdt was present during the incident which is the basis for Plaintiff's complaint.

Defendant Matthew Chaudoin objects to this motion, arguing that the statute of limitations has run and that the amended complaint would not relate back to the original

---

[1] Chief Robert White has since been terminated as a defendant.

complaint.  He argues that the motion is outside of the time allowed for service under Rule 4(m) of the Federal Rules of Civil Procedure and that although Officer Heselschwerdt had notice of Plaintiff's claim of excessive force he had no reason to believe that he was not named as a party in error.  Defendant also points out that discovery material containing the statements of Defendant Chaudoin and Officer Heselschwerdt were delivered to Plaintiff by hand and by mail in September 2009.

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions.  *Wilson v. Garcia*, 471 U.S. 261, 275-280 (1985).  Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in KY. REV. STAT. § 413.140(1)(a).  *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).  The allegations of the complaint are that excessive force was used on December 3, 2008.  Therefore, the statute of limitations ran on December 3, 2009.  Thus, Plaintiff's original complaint filed on January 15, 2009, was timely.  His attempt to amend his complaint, filed on December 15, 2009, is not.  The question is whether the addition of Officer Heselschwerdt as a party in the motion to amend satisfies the requirements of Fed. R. Civ. P. 15 to relate back to the date of filing of the original complaint.

Under Fed. R. Civ. P. 15(c)(1):

An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period

2

provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(I) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The statute of limitations does not allow relation back, and the proposed amendment does not relate back. Replacing the unknown police officer listed in the original complaint does not constitute a mistaken identity. "Substituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties." *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). Additionally, "Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run, and that such amendments do not satisfy the 'mistaken identity' requirement" of Fed. R. Civ. P. 15. *Id.* Moreover, Plaintiff has not satisfied Rule 4(m) since he failed to file within the extension of time allowed for service granted by the Court.

Accordingly, Plaintiff's motion to amend his complaint does not relate back under Rule 15 and is barred by the statute of limitations. The motion to amend (DN 24) is hereby **DENIED**.

Date:


cc:    Plaintiff, *pro se*
        Counsel of record
4412.009