

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09CV-P36-H

KENNETH L. COURTNEY     PLAINTIFF

V.

MATTHEW CHAUDOIN     DEFENDANT

## JURY INSTRUCTIONS

**Members of the Jury**, now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to give you instructions on the law applicable to this case.

It is your duty as jurors to follow the law stated in the instructions, and to apply it to the facts you find from the evidence. Do not single out one instruction alone as stating the law. Rather, consider the instructions as a whole. Do not let the wisdom of any rule of law concern you. You must apply the law in these instructions whether you agree with it or not.

Your primary duty is to determine the facts. In so doing, you must consider only the evidence I have admitted. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. It is your own interpretation and recollection of the evidence that controls. The statements, objections, and arguments of the lawyers are not evidence. What the lawyers have said is not binding upon you. You are permitted to draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which you feel are justified in the light of your own common sense.

By telling you to consider the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the

credibility or believability of each witness and the weight to be given their testimony. You may measure the credibility of any witness by considering their demeanor on the witness-stand, their frankness or lack of it, and their interest in the outcome of the case, if any.

A witness may be discredited or impeached by contradictory evidence or by evidence that the witness said or did something, or failed to say or do something, at some other time, which is inconsistent with the witness' present testimony. If you believe any witness has been impeached, and thus discredited, you may determine the weight, if any, to give such a conclusion.

The number of witnesses testifying as to the existence or nonexistence of any fact does not, necessarily, determine the weight of the evidence. The quality and credibility of the evidence is usually more important in your deliberations.

In this case, Plaintiff must persuade you that their claim is more likely true than not. If Plaintiff fails to persuade you on every essential element of their claim, then you should find for Defendant on that claim.

# INSTRUCTION NO. 1

Section 1983 creates a federal remedy for persons who are deprived by state officials of rights, privileges, and immunities secured by the United States Constitution and federal statutes. To establish a claim under Section 1983, the plaintiff must prove each of the following three elements:

**First**, that the acts complained of were committed by the defendant acting under color of state law;

**Second**, that in committing these acts, the defendant intentionally or recklessly deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States; and

**Third**, that the defendant's acts were the proximate cause of injuries sustained by the plaintiff.

As to the first element, I instruct you that, any acts of defendant in his capacity as an officer of the Louisville Metro Police Department were taken under color of state law.

As to the second element, plaintiff claims that the defendant's actions violated his Fourth Amendment right to be free from the use of excessive force while being arrested. To determine whether any acts amounted to excessive force, you must ask yourselves whether the amount of force used to effect the arrest was that which a reasonable officer would have employed in effecting the arrest under similar circumstances. In making this determination, you may take into account such factors as the severity of the crime at issue, whether the plaintiff posed an immediate threat to the safety of the defendant or others, and whether the plaintiff actively resisted arrest or attempted to evade arrest by flight. However, you need not determine whether

3

the defendant had less intrusive alternatives available. The defendant need only have acted within that range of conduct identified as reasonable.

Also regarding the second element, as for the defendant's state of mind, an act is intentional if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. Intent can be proved directly or it can be proved by reasonable inference from circumstantial evidence. An act is reckless if done in conscious disregard of its known probable consequences.

As to the third and final element, an act is a proximate cause of an injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of the defendant's act.

If you find that the plaintiff has proved each of the three elements then you must return a verdict in favor of plaintiff. If, on the other hand, you find that the plaintiff has failed to prove any of these elements, you must return a verdict for defendant. Record your verdict on the Verdict Form.

If you find for the defendant, sign the Verdict Form and notify the Court Officer that you have reached a verdict.

If you find for the plaintiff, proceed to Instruction No. 2.

# INSTRUCTION NO. 2

If the plaintiff has proved all three elements of his Section 1983 claim, then you must award him a sum of money that you believe will fairly and justly compensate him for any injury you believe he actually sustained as a proximate result of the defendant's misconduct. You may not simply award damages for any injury suffered by plaintiff – you must award damages only for those injuries that are a proximate result of conduct by the defendant that violated plaintiff's federal rights under color of law.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial.

Record your award of compensatory damages on the Verdict Form.

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reach an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and even change your opinion, if you become convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Upon retiring to the jury room, you will select someone to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. A verdict form has been prepared for your convenience. You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in the Verdict Form with respect to each issue on which you unanimously agree. The foreperson will then date the form and sign it with his or her name and jury number. You will then return to the courtroom with your verdict.